LAW OFFICE OF EUGENIE A. VOITKEVICH
Eugenie A. Voitkevich, NJ Attorney ID # 02448-2009
705A Amboy Avenue, 2nd floor
Woodbridge, NJ 07095
Telephone: (732) 636-1450
Facsimile: (732) 636-1438
Email: eav@triallawyernj.com
Attorney for: Muhamed Izbastin

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| In Re:<br><br>Sergey Kapustin<br>        Debtor (s) | Chapter 13<br><br>Case Number: 14-30488<br><br>Hearing Date: 1/15/2015 |
| --- | --- |

### OBJECTION TO CONFIRMATION

Muhamed Izbastin, judgment creditor in the above-referenced matter, objects to the Confirmation of Plan of Debtor Sergey Kapustin ("Debtor") based on the following:

1. On September 11, 2014, a jury of the New Jersey Superior Court, Union Vicinage, in the civil case Izbastin v. Kapustin et al., Docket Number, L-514-13, found Debtor, his company Global Auto, Inc., and another defendant, jointly and severally, liable for violations of the New Jersey Consumer Fraud Act on at least two separate grounds – generally speaking, affirmative fraud and fraudulent acts of concealment.

2. The jury in Izbastin v. Kapustin et al. awarded Plaintiff Muhamed Izbastin $39,420.00, which was trebled by the trial judge, pursuant to N.J.S.A. 56:8-19, bringing the total amount of the judgment to $118,260.00. (See attached a copy of the Order of Disposition as **Exhibit A**).

3. Pursuant to the New Jersey Consumer Fraud Act, Plaintiff was entitled, as a matter of law, see N.J.S.A. 56:8-19, to recover costs of lawsuit and reasonable attorney's fees. Promptly after the jury delivered the verdict in the above state-court action, Plaintiff submitted application for the attorney's fees in the amount of $54,425.00 and cost of lawsuit in the amount of $4,517.84, to be approved by the state court.

4. The return date on the motion to approve the amount of costs and attorney's fees in the state action Izbastin v. Kapustin et al. was set for October 10, 2014.

5. On October 7, 2014, just three (3) days prior to the return date on the motion for costs and attorney's fees in Izbastin v. Kapustin et al., Debtor filed bankruptcy petition in the present case.

6. It is respectfully submitted that, pursuant to the U.S. Bankruptcy Code, an award of treble damages, attorney's fees, and cost of suit in the underlying state-court action Izbastin v. Kapustin, constitute "debt" within discharge exception for actual fraud, 11 U.S.C.§ 523(a)2(A), and/or other non-dischargeable debt. Creditor Muhamed Izbastin will be shortly filing an adversarial action objecting to dischargeability of said debt of Debtor, as obtained through fraud and on other grounds.

7. Moreover, because the "judgment on the merits" in the state-court action Izbastin v. Kapustin et al. was entered "in an adversarial context," see Slowinski v.Valley National Bank, 264 N.J. Super 172, 182-83 (App. Div. 1993), Debtor here should be precluded from re-litigating the issues with respect to fraudulent nature of the subject debt, based on the doctrine of collateral estoppel. Id.

8. Further, because Debtor filed the petition in the present action just three days before the final hearing on the motion to approve the amount of attorney's fees and costs in Izbastin v. Kapustin et al., it is reasonable to believe that Debtor filed said subject bankruptcy petition in bad faith, in order to stay inevitable determination of the amount of the cost and attorney's fees in the state action.

9. Because the Plan does not reflect the debts that arguably were obtained through fraud ($118,260.00 judgment, $54,425.00 attorney's fees, and $4,517.84 costs), the objection is made to the confirmation of the Plan and to dischargeability of said debts.

Dated: January 7, 2015                    Respectfully submitted,

                                          By: /s/ Eugenie A. Voitkevich

                                          EUGENIE A. VOITKEVICH
                                          *Attorney for Muhamed Izbastin*